UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT HUBER,<br><br>          Plaintiff,<br><br>     v.<br><br>FISHER, et al.,<br><br>          Defendants. | No.  2:25-cv-1311-DC-CKD (PS)<br><br><br>ORDER |

      Plaintiff Herbert Huber proceeds without counsel and seeks relief for alleged violations of his federal civil rights based on the seizure of his vehicle. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

      Plaintiff's complaint filed on May 7, 2025 (ECF No. 1) is before the court for screening. Plaintiff has also filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is granted. The complaint states a Fourth Amendment claim against defendant Fisher only. Plaintiff is granted leave to file an amended complaint. In the alternative, plaintiff may proceed on the claim against defendant Fisher without amending by voluntarily dismissing the other claims and defendants.

1

## I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

## II. Plaintiff's Allegations

On May 29, 2023, defendant Fisher, a California State Parks Police Officer, ordered plaintiff's vehicle towed citing it as "CVC 4000 'unregistered.'" (ECF No. 1 at 2.) However, plaintiff's registration was current, with all fees paid, and a valid sticker of proof was displayed on the rear license plate which Fisher scraped off. (Id. at 2, 4-5, 7.) The car did not present any hazard or obstruct traffic and there were no exigent circumstances. (Id.)

Defendant Fisher claimed he "called it in" and was told plaintiff's car was unregistered. (ECF No. 1 at 7.) However, defendant Fisher had recognized plaintiff's car as a homeless person's car and targeted it for that reason. (Id. at 4-5.) Plaintiff was left stranded with no safe overnight lodging and without access to medications. (Id.) Subsequently, Officer Josh acknowledged the error and that plaintiff's car was properly registered, but Superintendent Howard refused to recognize error and blamed DMV. (Id. at 8.) Plaintiff asserts violations of his Fourth and Fourteenth Amendment rights based on the seizure. (Id. at 4-5, 7.)

## III. Discussion

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, the complaint adequately alleges defendants

acted under color of state law. The court considers below whether plaintiff has alleged an unreasonable seizure under the Fourth Amendment or a violation of procedural due process or equal protection under the Fourteenth Amendment.

### A. Fourth Amendment

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted).

Drawing all permissible inferences in plaintiff's favor, the complaint alleges a violation of plaintiff's Fourth Amendment rights by defendant Fisher. However, the allegations do not suffice to state a claim against any other defendant. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff does not allege facts showing the other defendants acted or failed to act in a way that caused the deprivation of plaintiff's vehicle. Instead, they are merely alleged to have failed to remedy the situation after the deprivation occurred. Contrary to plaintiff's assertion, liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009).

### B. Fourteenth Amendment

#### 1. Due Process

The Fourteenth Amendment prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. Determination of what

process is due is a fact-specific inquiry requiring consideration of three factors:

> [1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the Government's interest…

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

However, unauthorized and intentional deprivations of property, as alleged here, do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Ninth Circuit has held that "California Law provides an adequate post- deprivation remedy for any property deprivations" by public officials. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see Cal. Gov't Code § 810 et seq. ("Government Claims Act"). No due process claim lies under the Fourteenth Amendment for any deprivation of plaintiff's property resulting from the towing of his vehicle under the facts alleged. See Hudson, 468 U.S. at 534-35 (the availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy for both negligent and intentional deprivation of property).

### 2. Equal Protection

To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Because courts have not recognized a fundamental right to housing or unhoused individuals as a protected class, the appropriate level of scrutiny is "rational basis" review. See Los Angeles v. Garcetti, No. LACV-21-06003-DOC-KES, 2022 WL 21768643, at *4 (C.D. Cal. Aug. 11, 2022) (citing collected cases). Under this standard, official action must be "rationally related to a legitimate state interest" to withstand scrutiny. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).

Here, plaintiff alleges his car was targeted as a homeless person's car, but the complaint does not plead any specific facts regarding other cars with owners or drivers who were "similarly situated" or any specific facts showing a difference in treatment susceptible of an inference of discriminatory intent. See Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Thus, merely concluding that plaintiff's car was targeted for a certain reason and stating defendants did not subject other cars and owners to similar action does not suffice. See Todd v. Briesenick, No. 13-CV-0753-KJM-KJN, 2013 WL 2151658, at *5 (E.D. Cal. May 16, 2013) (granting motion to dismiss where "plaintiff [did] not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons").

### IV.     Conclusion and Order

The complaint states a claim under 42 U.S.C. § 1983 against defendant Fisher for a violation of plaintiff's Fourth Amendment rights and no other claims. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (leave to amend should be "freely given when justice so requires."). If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In the alternative, plaintiff may elect to proceed forthwith on his Fourth Amendment claim against defendant Fisher without filing an amended complaint by voluntarily dismissing the other claims and defendants. See Fed. R. Civ. P. 41(a)(1)(a)(i) ("the plaintiff may dismiss an action without a court order by filing… a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). If plaintiff elects to procced on the complaint as screened, then the court will order service of the complaint on defendant Fisher.

////

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; in the alternative, plaintiff may elect to proceed on the complaint filed on May 7, 2025.

3. Plaintiff is cautioned that failure to file an amended complaint, notify the court how he elects to proceed on the original complaint, or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: August 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hube23cv1311.scrn