UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT HUBER, | No. 2:25-cv-1311-DC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| FISHER, et al., | |
| Defendants. | |

      Plaintiff Herbert Huber proceeds without counsel and seeks relief for an alleged violation of his Fourth Amendment rights based on the seizure of his vehicle. On September 24, 2025, the undersigned determined service of the first amended complaint was appropriate for Officer Fisher and ordered plaintiff to supply the U.S. Marshal with the information needed to effectuate service of process within 30 days. Within 10 days after that, plaintiff was to file a statement with the court indicating the Marshal has the documents. Plaintiff was specifically cautioned that failure to comply with that order could result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). The time granted has expired and plaintiff has not filed a statement with the court indicating the Marshal has the documents.

      "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City

1

1 | of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a
2 | party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.,
3 | Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with
4 | a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th
5 | Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d
6 | 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

       Plaintiff is informed that his failure to supply the U.S. Marshal with the information needed to effectuate service of process within the time frame granted to do so violates the court's order dated September 24, 2025. Plaintiff is cautioned that continued failure to supply the U.S. Marshal with the information needed to effectuate service of process or otherwise respond to this order will result in a recommendation that this case be dismissed for failure to prosecute.

       In accordance with the above, IT IS ORDERED that within 14 days of the date of this order, plaintiff shall either comply with the instructions in the court's September 24, 2025 order to supply the U.S. Marshal with the information needed to effectuate service of process or, in the alternative, explain in writing plaintiff's reasons for the delay.

Dated: November 26, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hube1311.nousm.o

2