UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT HUBER,

        Plaintiff,

    v.

FISHER,

        Defendant.

No.  2:25-cv-1311-DC-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Herbert Huber proceeds without counsel and in forma pauperis and seeks relief under 42 U.S.C. § 1983. This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Defendant Fisher moves to dismiss plaintiff's first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned previously found the motion suitable for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion to dismiss should be denied.

**I.     Background**

Plaintiff filed this action on May 7, 2025, asserting various claims against multiple defendants. (ECF No. 1.) In particular, relevant here, plaintiff's original complaint alleged defendant Fisher had violated his rights under the Fourth Amendment by unlawfully seizing his vehicle. (Id. at 2, 4-5.)

1

Plaintiff filed the operative FAC on September 18, 2025. (ECF No. 4.) Plaintiff proceeds on the FAC with a Fourth Amendment claim against defendant Fisher only. (See ECF No. 7.)

Defendant Fisher filed the motion to dismiss on January 2, 2026. (ECF No. 14.) The motion is fully briefed with plaintiff's opposition and defendant's reply. (ECF Nos. 20, 22.) Plaintiff also filed a request to file a sur-reply with additional argument contained therein. (ECF No. 23.) Defendant has not opposed the request and the request is granted.

## II.    Legal Standards for Dismissal Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

## III.    Discussion

Defendant asserts the claim is time-barred. A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

State law governs the statute of limitations period for suits under 42 U.S.C. § 1983. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). The applicable statute of limitations for plaintiff's claim is two years. See The Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 701 (9th Cir. 2009) ("Claims under § 1983 are subject to the state statute of limitations for personal injury claims. In California, that state rule is two years[.]").

Federal law determines when a civil rights claim accrues. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009).

Here, plaintiff's Fourth Amendment claim against defendant Fisher accrued on the date of the vehicle seizure, on May 29, 2023. (ECF No. 4 at 3.) Defendant argues the statute of limitations was two years and that it expired on May 29, 2025. (ECF No. 14 at 3.) Defendant argues plaintiff's claim is untimely because "his deadline to file all claims was May 29, 2025" and "this action complaining of injuries arising from this event was filed on September 18, 2025[.]" (Id. at 4.)

As set forth above, though, plaintiff initiated this case on May 7, 2025, with his original complaint bringing a Fourth Amendment claim against defendant Fisher based on the seizure of plaintiff's vehicle. On August 22, 2025, the undersigned screened the original complaint pursuant to 28 U.S.C. § 1915(e), found it stated a Fourth Amendment claim against defendant Fisher and no other claims, and granted plaintiff an opportunity to file an amended complaint or elect to proceed on the complaint filed on May 7, 2025. (ECF No. 3 at 6.) As set forth above, plaintiff filed the operative FAC on September 18, 2025.

Plaintiff filed this suit including his claim against defendant Fisher within the two-year statute of limitations period. Accordingly, the motion to dismiss should be denied.

**V.      Order and Recommendation**

In accordance with the above, IT IS ORDERED that plaintiff's request to file a sur-reply (ECF No. 23) is GRANTED.

In addition, IT IS RECOMMENDED that defendant's motion to dismiss (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the

/////

3

District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hube25cv1311.mtd